IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAYTON INDUSTRIAL DRUM, INC. and SUNOCO, INC.,<br><br>Defendants. | Civil Action No. 3:16-cv-232-WHR<br><br>Hon. Walter H. Rice |

**CONSENT DECREE WITH DAYTON INDUSTRIAL DRUM, INC.**

TABLE OF CONTENTS

I. BACKGROUND ........................................................................................................... 1
II. JURISDICTION .......................................................................................................... 2
III. PARTIES BOUND ...................................................................................................... 2
IV. DEFINITIONS............................................................................................................. 2
V. STATEMENT OF PURPOSE ..................................................................................... 4
VI. PAYMENT OF RESPONSE COSTS.......................................................................... 5
VII. FAILURE TO COMPLY WITH CONSENT DECREE .............................................. 6
VIII. COVENANTS BY PLAINTIFF................................................................................... 7
IX. RESERVATION OF RIGHTS BY UNITED STATES ............................................... 7
X. COVENANTS BY SETTLING DEFENDANT........................................................... 8
XI. EFFECT OF SETTLEMENT/CONTRIBUTION ........................................................ 8
XII. CERTIFICATION ..................................................................................................... 10
XIII. NOTICES AND SUBMISSIONS............................................................................... 10
XIV. RETENTION OF JURISDICTION ........................................................................... 11
XV. INTEGRATION/APPENDICES ................................................................................ 11
XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............................... 11
XVII. SIGNATORIES/SERVICE......................................................................................... 11
XVIII. FINAL JUDGMENT ................................................................................................. 12

# I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Lammers Barrel Superfund Site in Beavercreek, Greene County, Ohio (the "Site").

B. The United States has filed another action relating to the Site, which asserts claims against certain parties under the Federal Debt Collection Procedures Act, captioned *United States v. Dayton Industrial Drum, Inc., et al.*, No. 3:18-cv-271 (S.D. Ohio) (the "FDCPA Case").

C. Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by a publication in the Federal Register on September 29, 2003, 68 Fed Reg. 55,875.

D. In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake additional response actions in the future.

E. In performing response action at the Site, EPA has incurred response costs and will incur additional response costs in the future.

F. The Site consists of approximately 2.5 acres of property at the northeast corner of the intersection of Grange Hall Road and East Patterson Road in Beavercreek, Ohio, as well as a contaminated groundwater plume that extends east of the Site property. EPA has divided the Site into two Operable Units. Operable Unit 1 addresses hazardous substance contamination on the Site property. Operable Unit 2 addresses the contaminated groundwater plume east of the Site property.

G. In accordance with prior administrative and judicial settlements with EPA, certain potentially responsible parties ("PRPs") have: (i) completed a remedial investigation and feasibility study for Operable Unit 1; (ii) committed to perform the cleanup remedy set forth in a Record of Decision for Operable Unit 1 that EPA issued in September 2011; and (iii) agreed to complete a remedial investigation and feasibility study for Operable Unit 2, which is ongoing. A number of the PRPs that entered into those settlements formed a group called the Lammers Barrel PRP Group.

H. The Lammers Barrel PRP Group has filed a related civil action against the defendants in this case and certain additional defendants, captioned *Lammers Barrel PRP Group v. Carboline Company, et al.*, No. 3:17-cv-135-WHR (S.D. Ohio) (the "Private Party Case").

I. Dayton Industrial Drum, Inc. is a defendant in this case and in the related Private Party Case, and is referred to herein as the "Settling Defendant."

1

J. The United States contends that the Settling Defendant is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and is jointly and severally liable for response costs incurred and to be incurred at the Site.

K. The Settling Defendant does not admit any liability to the United States or to the Lammers Barrel PRP Group arising out of the transactions or occurrences alleged in the complaints in this case, the FDCPA Case, and the Private Party Case.

L. The United States and the Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaints, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant and its successors, and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9675.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Date of Lodging" shall mean the date on which the Court's docket records the United States' lodging of the proposed Consent Decree, before the public comment period referenced in Section XVI (Lodging and Opportunity for Public Comment).

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"FDCPA Case" shall mean the lawsuit captioned *United States v. Dayton Industrial Drum, Inc., et al.*, No. 3:18-cv-271 (S.D. Ohio).

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates. "Lammers Barrel OU2 Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for Operable Unit 2 of the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

"Lammers Barrel PRP Group" shall mean the plaintiff in the Private Party Case and its members, collectively. The members of the Lammers Barrel PRP Group are Akzo Nobel Coatings, Inc.; Arconic Inc. f/k/a Alcoa Inc. o/b/o Stolle Corporation; Arkema Inc.; C.P., Inc.; Ford Motor Company; GATX Corporation; Georgia-Pacific LLC; Hexion Inc.; I.V.C. Industrial Coatings, Inc.; International Paper Company; Meritor, Inc.; Morton International, LLC; Navistar, Inc.; PPG Industries, Inc.; United Technologies Corporation; and Valspar Corporation, in their own right, and as assignees of the CERCLA claims at the Site of those entities who have or will settle with the Lammers Barrel PRP Group and who assign such CERCLA claims to the Lammers Barrel PRP Group.

"Lammers Barrel PRP Group Committed Future Costs" shall mean all future costs to be incurred by the Lammers Barrel PRP Group (and its assignors) under: (i) the 2002 Administrative Order on Consent for Remedial Investigation/Feasibility Study in *In the matter of Lammers Barrel Site*, EPA Docket No. V-W-'02-C-686; and (ii) the 2014 Remedial Design/Remedial Action (RD/RA) and *De Minimis* Consent Decree entered in *United States v. 3M Co., et al.*, No. 3:14cv32 (S.D. Ohio). For the avoidance of doubt, the

3

term "Lammers Barrel PRP Group Committed Future Costs" does not include any OU2 RD/RA Costs.

"Lammers Barrel Site Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

"OU2 RD/RA Costs" shall mean any future costs that EPA and/or the Lammers Barrel PRP Group may incur in connection with Operable Unit 2 remedy design and implementation after EPA's selection of a remedy for Operable Unit 2 of the Site, including costs of remedial design or remedial action activities for Operable Unit 2.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendant. "Party" shall mean any one of the Parties.

"Plaintiff" shall mean the United States.

"Private Party Case" shall mean the lawsuit captioned *Lammers Barrel PRP Group v. Carboline Company, et al.*, No. 3:17-cv-135-WHR (S.D. Ohio).

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901–6992, also known as the Resource Conservation and Recovery Act.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Dayton Industrial Drum, Inc.

"Site" shall mean the Lammers Barrel Superfund Site (also known as the Lammers Barrel Factory Superfund Site), encompassing approximately 2.5 acres of property at the northeast corner of the intersection of Grange Hall Road and East Patterson Road, in Beavercreek, Ohio, as well as a contaminated groundwater plume that extends east of the Site property. The Site is generally shown on the map attached at Appendix A.

"State" shall mean the State of Ohio.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.  STATEMENT OF PURPOSE

4.  By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment, which includes a premium, to resolve its alleged civil liability with regard to the Site under Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), as provided in the Covenants by Plaintiff in Section VIII, subject to the Reservations of Rights by United States in Section IX.

## VI. PAYMENT OF RESPONSE COSTS

5.  **Payment for Response Costs.** Within 15 days after Settling Defendant receives notice from the United States that this Consent Decree has been lodged, Settling Defendant shall deposit $825,000 into an interest-bearing escrow account in a duly chartered bank or trust company that is insured by the Federal Deposit Insurance Corporation (the "Escrow Account"). If the Consent Decree is not entered by the Court, and the time for any appeal of that decision has run, or if the Court's denial of entry is upheld on appeal, the monies placed in escrow, together with accrued interest thereon, shall be returned to Settling Defendant. If the Consent Decree is entered by the Court, Settling Defendant shall, within 15 days after the Effective Date, cause the monies in the Escrow Account, together with accrued interest thereon, to be paid to EPA in accordance with Paragraphs 6 and 8.

6.  **Payment Instructions.** The payment to EPA under Paragraph 5 shall be made by Fedwire Electronic Funds Transfer to the U.S. Department of Justice account, in accordance with instructions provided by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Southern District Ohio after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

>   Timothy Hoffman
>   Dinsmore & Shohl LLP
>   Fifth Third Center
>   1 S. Main Street, Suite 1300
>   Dayton, OH  45402
>   Email: tim.hoffman@dinsmore.com

The Settling Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change to DOJ and EPA in accordance with Section XIII (Notices and Submissions).

7.  **Deposit of Payment.** $63,000 of the total amount to be paid by Settling Defendant pursuant to Paragraph 5 shall be deposited by EPA in the Lammers Barrel OU2 Special Account to be retained and used to conduct or finance future response actions at or in connection with Operable Unit 2 of the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund. $762,000 of the total amount to be paid by Settling Defendant pursuant to Paragraph 5 shall be deposited by EPA in the Lammers Barrel Site Special Account to be retained and used to conduct or finance future response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

8.  **Notice of Payment.** At the time of payment to EPA under Paragraph 5, the Settling Defendant shall send notice that payment has been made: (a) to EPA in accordance with Section XIII (Notices and Submissions); (b) to DOJ in accordance with Section XIII (Notices and Submissions); and (c) to the EPA Cincinnati Finance Center by email or by regular mail at:

**Email:**               cinwd_acctsreceivable@epa.gov

| | |
|---|---|
| **Regular mail**: | EPA Cincinnati Finance Center |
| | 26 W. Martin Luther King Drive |
| | Cincinnati, Ohio 45268 |

Such notice shall reference the CDCS Number, Site/Spill ID Number 05BX, and DJ Number 90-11-3-07706/3.

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

9. **Interest on Late Payments.** If any amount due under Paragraph 5 (Payment for Response Costs) is not paid by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

10. **Stipulated Penalties.**

    a. If any portion of the amount due under Paragraph 5 (Payments for Response Costs) is not paid by the required due date, Settling Defendant shall be in violation of this Consent Decree and shall pay EPA the following amount, as a stipulated penalty, in addition to the Interest required by Paragraph 9 (Interest on Late Payments): a daily penalty equal to five percent of the Settling Defendant's total overdue amount, assessed per day that such payment is late.

    b. Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire EFT to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York, NY 10045
> Field Tag 4200 of the Fedwire message should read "D 68010727
>   Environmental Protection Agency"

and shall reference the CDCS Number, Site/Spill ID Number 05BX, and DJ Number 90-11-3-07706/3.

    c. At the time of payment, the Settling Defendant shall send notice that payment has been made to EPA and DOJ as provided in Paragraph 8 (Notice of Payment).

    d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has given notice of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due, and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11. If the United States brings an action to enforce this Consent Decree, the Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of any failure to comply with the requirements of this Consent Decree.

13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse an obligation to make any other payment required by Section VI (Payment of Response Costs) or performance of any other requirements of this Consent Decree.

## VIII. COVENANTS BY PLAINTIFF

14. **Covenants for Settling Defendant by United States.** Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against the Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site. With respect to present and future liability, these covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

15. **Dismissal of the FDCPA Case.** The United States covenants to seek voluntary dismissal of the FDCPA Case, pursuant to Fed. R. Civ. P. 41(a), within 30 days after the Effective Date. This covenant is conditioned upon the satisfactory performance by the Settling Defendant of its obligations under this Consent Decree.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

16. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 14 (Covenants for Settling Defendant by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. criminal liability;

    c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

    d. liability based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

    e. liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

    f. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

## X. COVENANTS BY SETTLING DEFENDANT

  17. **Covenants by Settling Defendant.** Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

    a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Ohio Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

    c. any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law relating to the Site.

  18. Except as provided in Paragraph 20 (claims against other PRPs) and Paragraph 26 (res judicata and other defenses), the covenants in this Section shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 16.a (liability for failure to meet a requirement of the Consent Decree) or 16.b (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

  19. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

  20. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that Settling Defendant may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant, and Settling Defendant expressly reserves its right to pursue its pending counterclaim against the Lammers Barrel PRP Group in the Private Party Case.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION

  21. Except as provided in Paragraph 20 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights (including, but not limited to, rights under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands,

and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

22. The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree for the purpose of protection from contribution actions or claims are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State, including OU2 RD/RA Costs; <u>provided, however,</u> that: (i) the "matters addressed" do not include the past response costs incurred by the Lammers Barrel PRP Group that are the subject of the Lammers Barrel PRP Group's pending claim against the Settling Defendant in the Private Party Case or any Lammers Barrel PRP Group Committed Future Costs; and (ii) if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 16.a (liability for failure to meet a requirement of the Consent Decree) or 16.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

23. The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which the Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

24. [RESERVED].

25. Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 business days after service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 business days after service or receipt of any Motion for Summary Judgment, and within 10 business days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

26. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses

based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

## XII.  CERTIFICATION

27. Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, documents, or other information (including records, reports, documents, and other information in electronic form) (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XIII.  NOTICES AND SUBMISSIONS

28. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email:**     eescasemanagement.enrd@usdoj.gov

**As to DOJ by mail:**      EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-07706/3

**As to EPA:**              Maria Gonzalez (Mail Code C-14J)
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604
gonzalez.maria@epa.gov

**As to Settling Defendant:**
The Authorized Agent listed on Settling Defendant's signature page for this Consent Decree

## XIV. RETENTION OF JURISDICTION

29. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV. INTEGRATION/APPENDICES

30. This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

Appendix A is a map of the Site.

## XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

31. This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

32. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

33. Each undersigned representative of the Settling Defendant and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, or his/her designee, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

34. Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

35. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVIII. FINAL JUDGMENT

36. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS __13th__ DAY OF __May__, 20__19__.

_____
HON. WALTER H. RICE
United States District Judge

Signature Page for Consent Decree Regarding Lammers Barrel Superfund Site

FOR THE UNITED STATES OF AMERICA:

4/15/19
Dated

JEFFREY BOSSERT CLARK
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
Washington, D.C. 20530

ASHLEIGH G. MORRIS, Trial Attorney
KRISTIN M. FURRIE, Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611


BENJAMIN C. GLASSMAN
United States Attorney
Southern District of Ohio


MATTHEW J. HORWITZ (0882381)
Assistant United States Attorney
Southern District of Ohio
221 E. Fourth Street, Suite 400
Cincinnati, OH 45202

13

Signature Page for Consent Decree Regarding Lammers Barrel Superfund Site

*[signature]*
DOUGLAS BALLOTTI
Superfund Division Director
U.S. Environmental Protection Agency, Region 5


*[signature]*
MARIA GONZALEZ
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5

Signature Page for Consent Decree Regarding Lammers Barrel Superfund Site

FOR SETTLING DEFENDANT
DAYTON INDUSTRIAL DRUM, INC.:

12/20/18
Dated

David Hussong, President
Dayton Industrial Drum, Inc.
P.O. Box 172
Tipp City, Ohio 45371

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Timothy D. Hoffman

Title: Attorney At Law

E-Mail: tim.hoffman@dinsmore.com

Mailing Address:

1 S. Main Street

Suite 1300

Dayton, OH 45402

15

**Appendix A: Map of the Site**



SITE LOCATION MAP
LAMMERS BARREL FACILITY
BEAVERCREEK, OHIO

SOURCE: USGS QUADRANGLE, BELLBROOK, OHIO, REVISED 1991

ARCADIS

DATE: 3/24/2010
DRAWN: R. SMITH
PROJECT MANAGER: A. KRATZMEYER
LEAD DESIGN PROF.: M. GILLOTTI
CHECKED: A. PENNINGTON
DRAWING NAME: R-WG026
PROJECT NUMBER: CI001228.0003
FIGURE NUMBER: 1

